**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3384
_____

UNITED STATES OF AMERICA

v.

MAHMOUD AGUIBI,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:15-cr-00599-001)
District Judge:  Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 9, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: June 22, 2022)

_____

_____

OPINION[*]

_____

**PER CURIAM**

Federal prisoner Mahmoud Aguibi appeals pro se from the District Court's December 16, 2021 decision denying him compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In 2016, Aguibi pleaded guilty in the District Court to five counts of Hobbs Act robbery and two related firearm counts. The District Court sentenced him to 180 months in prison and five years of supervised release. His projected release date is in 2028.

In August 2020, after exhausting his administrative remedies, Aguibi filed in the District Court a pro se motion for compassionate release. A district court may grant compassionate release if it finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) the applicable 18 U.S.C. § 3553(a) factors do not counsel against a reduction, and (3) a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); see United States v. Pawlowski, 967 F.3d 327, 329 & n.6 (3d Cir. 2020). Aguibi's compassionate-release motion, which

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the Government opposed, claimed that his medical conditions — latent tuberculosis and a heart murmur — would put him at an increased risk of serious illness or death were he to contract the COVID-19 virus.

In September 2020, the District Court denied Aguibi's motion, concluding that (1) he had not presented an "extraordinary and compelling reason" for compassionate release, and (2) the applicable § 3553(a) factors did not warrant that relief. The District Court highlighted that "the latest medical report on Aguibi's latent [tuberculosis] provides that the condition 'was successfully treated' and that Aguibi is 'asymptomatic and otherwise healthy.'" (Dist. Ct. Order entered Sept. 14, 2020, at 2 (quoting Dist. Ct. docket # 117).) The District Court also highlighted that "Aguibi's heart murmur has been in 'remission' since May 29, 2019[,] and his cardiovascular tests have shown that he does not have any significant heart abnormalities." (Id.)

In June 2021, we summarily affirmed the District Court's denial of compassionate release, concluding that the District Court did not abuse its discretion in denying that relief based on its consideration of the § 3553(a) factors. See United States v. Aguibi, 858 F. App'x 485, 487 (3d Cir. 2021) (per curiam). We did not address (and, at the time, there was no need to address) the District Court's determination that Aguibi's motion also failed because he had not shown an extraordinary and compelling reason for compassionate release.

Thereafter, in December 2021, Aguibi returned to the District Court and filed a "Motion for Reinstatement of [His] Compassionate Release Motion" (hereinafter "Motion for Reinstatement"). Therein, Aguibi claimed that "new developments" — that is, "a recent

3

death [in his prison] due to the new, active cases of [COVID-19's] [D]elta variant that were discovered in several housing units that are now under quarantine" — "present[ed] extraordinary and compelling reasons that would allow th[e] [District] Court to reconsider [his] motion for compassionate release." (Dist. Ct. docket # 134, at 1.) Aguibi also reiterated that he suffers from latent tuberculosis and a heart murmur, added that he is obese, and stated that he tested positive for COVID-19 in January 2021.[1] He also implied that he has been vaccinated against COVID-19 (though he asserted that the vaccine booster dose had not yet been provided to him).[2]

On December 16, 2021, the District Court denied Aguibi's Motion for Reinstatement. In its decision, the District Court began by noting that it had previously concluded that Aguibi's health conditions did not amount to extraordinary and compelling reasons warranting his release. The District Court then explained that Aguibi's latent tuberculosis and heart murmur "are being adequately treated by [Bureau of Prisons] staff," and that "the availability of the vaccine—which is effective against the Delta variant—mitigates the risk of contracting Covid-19." (Dist. Ct. Order entered Dec. 16, 2021, at 1.) The District Court further explained that, since "Aguibi suggests he has been vaccinated, . . . his risk of serious Covid-19 complications is actually lower now than when he first filed his

---

[1] Although Aguibi alleges that his bout of COVID-19 in January 2021 "caused severe illness that he is still feeling the [e]ffects of," (3d Cir. docket # 10, at 6), he has not provided any evidence to support this allegation.

[2] The Government reports that Aguibi received two doses of Moderna's COVID-19 vaccine in early 2021.

[m]otion [for compassionate release]." (Id.) Accordingly, the District Court concluded that Aguibi has "failed to present any new circumstances that warrant revisiting [its] previous ruling," and it "again den[ied] compassionate release." (Id.)

Aguibi now seeks review of the District Court's December 16, 2021 decision.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's denial of compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Under this standard, "we will not disturb the [district] court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." Id. (second alteration in original) (internal quotation marks omitted). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

We find no abuse of discretion in this case. As noted above, the District Court, in its September 2020 decision, found that Aguibi had been successfully treated for his latent tuberculosis, that he was asymptomatic for that condition, and that his heart murmur was in remission. The District Court later stated in its December 2021 decision that those conditions were being adequately treated, and neither Aguibi's Motion for Reinstatement nor his brief here cites any evidence to the contrary. Furthermore, as the District Court indicated in its December 2021 decision, now that COVID-19 vaccines are available and Aguibi has been vaccinated, his risk of developing serious complications from the virus is less than what it was when the District Court adjudicated his compassionate-release

5

motion in September 2020. Under these circumstances, we cannot conclude that the District Court committed a clear error of judgment when, in its December 2021 decision, it once again denied Aguibi compassionate release.[3]

Because this appeal does not present a substantial question, we grant the Government's motion to summarily affirm, and we will summarily affirm the District Court's judgment.[4] Aguibi's request for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

[3] Aguibi takes issue with the fact that the District Court's December 2021 decision did not consider whether his release would pose a danger to the community or the fact that "he has completed several positive rehabilitation courses" while in prison. (3d Cir. docket # 10, at 14.) But given the basis on which the District Court adjudicated his Motion for Reinstatement, there was no need for the District Court to opine on his dangerousness or discuss the courses that he has taken while in prison.

[4] The Government's request to be excused from filing a brief is granted. To the extent that the Government also requests to file its summary-affirmance motion out of time, that request is denied as unnecessary because that motion is, in fact, timely. See 3d Cir. L.A.R. 27.4(b).